CATHERINE ELL *et al. vs.* ARSHAG N. MESSERLIAN.

JULY 8, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is a bill in equity praying that the execution in an action of trespass and ejectment be recalled; that the judgment therein entered be vacated; and that the case be reinstated for trial in the district court of the sixth judicial district, hereinafter called the district court. Following a hearing on bill, answer and proof, the trial justice denied and dismissed the bill. The cause is before us on complainants' appeal from a final decree to that effect.

In our summary of the evidence, which is practically undisputed as it is mainly a matter of record, all dates therein mentioned will refer to the year 1948. The complainants occupied certain premises of the respondent in the city of Providence under a month to month tenancy. Due notice was served upon them to vacate the premises on August 1. Disregarding such notice, they mailed a check, dated August 2, to the respondent in payment of the rent for that month. The check was cashed September 16.

In the meantime, on August 5, the respondent commenced an action of trespass and ejectment by writ returnable to the district court on August 13, which was duly served upon the complainant and entered in that court. On August 23 the parties, acting through their respective attorneys, entered into the following written stipulation which was filed August 25: "Judgment for the plaintiff for possession and costs—execution stayed to October 1, 1948," whereupon judgment was entered in accordance therewith. Execution having issued on October 5, the complainants, proceeding under general laws 1938, chapter 535, §2, then moved in the district court that the judgment be vacated, the execution recalled, and the case reinstated for trial. This motion was assigned for hearing on November 4. Instead of prosecuting that motion, on November 1 they brought the present bill and on November 9 they obtained a preliminary injunction restraining the enforcement of the execution, which injunction the trial justice continued in force until an appeal from the final decree denying and dismissing the bill, if such were taken, was decided by this court.

Complainant's sole contention before us, which closely follows the allegations in the motion which they filed in the district court, is in effect that the judgment was entered by mistake in that court. They proceed on the theory that by accepting and cashing their check of August 2 the respondent had reinstated the tenancy. The contention is clearly without merit. We find nothing in the circumstances

of this cause to warrant relief in equity. It is obvious that complainants' real purpose in bringing this bill was to postpone the effect of their stipulation for the entry of judgment in the trespass and ejectment case. That stipulation, voluntarily entered into by them with the assistance of counsel, they now seek to repudiate. Assuming, however, that the judgment was entered by mistake in the district court, as to which there is no evidence, they had an adequate remedy at law under G. L. 1938, chap. 535, §2, the benefit whereof they actually invoked but failed to pursue. Equity will not grant relief in such a situation.

Moreover, respondent's cashing of the August 2 check did not reinstate the tenancy. Public laws 1948, chap. 1986, which complainants overlook, provides that whenever in an action of trespass and ejectment the issuance of an execution shall be stayed by the court such a stay shall be conditioned upon the payment by the defendant to the plaintiff of a sum of money equal to the rent for the premises. It further provides: "The acceptance of such moneys shall not constitute a waiver of the right of the plaintiff or plaintiffs to obtain possession of the premises, nor shall the receipt thereof be deemed to reinstate the defendant or defendants as a tenant." In the instant cause the district court on August 25, acting in accordance with the stipulation of the parties, entered judgment for the plaintiff and stayed execution until October 1. By force of the statute such stay was conditioned upon the payment of a sum of money equal to the rent and when the respondent thereafter cashed the check on *September 16* he did not waive his rights in the trespass and ejectment case.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Isadore S. Horenstein,* for complainants.

*Joseph V. Cavanagh,* for respondent.